UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STEPHEN E. PODEWELL,

    Plaintiff,

v.                                         Case No. 1:16-CV-1326

ERIC VANDENBERG, et al.,          HON. GORDON J. QUIST

    Defendants.

_____/

## OPINION

Plaintiff, Stephen Podewell, has filed a one-page complaint against four individuals, Eric VandenBerg, Ronald W. Ryan, Bonnie Lou Retlewski Podewell, and Stephen D. Gorsalitz. Although Podewell mentions the United States Constitution and the "guaranteed . . . rights[] [of ] the Right to Life, Liberty, and the Pursuit of Happiness"—ideals actually set forth in the Declaration of Independence—Podewell alleges that Defendants caused him "Intentional Defamation of My Character, Intentional Infliction of Emotional Distress, and Fraud." (ECF No. 1 at PageID.1.)

The following is the entirety of Podewell's factual allegations:

> The following individuals: Bonnie Retlewski Podewell, Ronald Ryan, Stephen D. Gorsalitz, and Eric Vandenberg, hereafter referred to as the "Defendants", through their threats, words spoken, words written, and orders barked out, have caused Intentional Defamation of My Character, Intentional Infliction of Emotional Distress, and Fraud. They have conspired and acted with each other. Through their actions they have sought to demean and destroy me. In many ways I state that their actions are not dissimilar to attempting murder of me. While my body still lives, their murderous actions of words spoken, and written, and actions have sought to destroy me financially, emotionally, psychologically, spiritually, and academically. They have accomplished their end. While I am an honorable man and don't believe in filing bankruptcy, the Defendants have forced this upon me. Honor is of the highest importance for me and my surname. Their actions, collectively, will force me to file bankruptcy, which is something that I do not want to do. Bonnie Retlewski Podewell, who signed a mortgage contract agreement and equity line contract with me is not only breaching the contract, but the others have aided and abetted her in

> trying to fraudulently place all of the burden on me to remove her from the debt. Their actions have destroyed my credit to the point that I am unable to obtain a gainfully employable job in my field.

(*Id.*)  For relief, Podewell seeks damages in the amount of $1 million from each Defendant, as well as punitive damages.  (*Id.*)

On March November 15, 2016, the magistrate judge issued an order granting Podewell leave to proceed *in forma pauperis*.  (ECF No. 4.)  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to *in forma pauperis* proceedings").  The Court must read Podewell's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

For the reasons set forth below, the Court lacks jurisdiction over Podewell's claims. Moreover, to the extent the Court has jurisdiction, Podewell fails to state a claim and his complaint must be dismissed as required by § 1915(e)(2).

With regard to jurisdiction, although Podewell refers to the United States Constitution, it appears that he is only alleging state-law claims.  Podewell does not mention jurisdiction in his complaint.  However, he fails to allege facts showing that the Court has diversity jurisdiction over this matter.  Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different States.  *See U.S. Motors v. Gen. Motors Europe*, 551 F.3d 420, 422 (6th Cir. 2008).  The statute requires "complete diversity between all

plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613 (2005). Here, Podewell does not allege that he and Defendants are citizens of different states. In fact, on the civil cover sheet, Podewell states that he and Defendant VandenBerg are citizens of Michigan. (ECF No. 1-1.) Thus, the Court lacks diversity jurisdiction over Podewell's complaint.

Although Podewell indicates on the civil cover sheet that federal question jurisdiction is the basis for jurisdiction in this case, as set forth above, Podewell fails to allege the violation of any right guaranteed by the Constitution or any federal law. The only discernable claims Podewell alleges are claims arising under state law. If Podewell actually intends to allege a violation of his civil rights by Defendants, he fails to allege that any Defendant was a state actor—a necessary requirement for a claim under 42 U.S.C. § 1983. *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003). Podewell's allegations indicate that his complaint involves a dispute solely between private parties.

Finally, to the extent the Court *might* have jurisdiction, Podewell's complaint fails to state a claim. A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

As set forth above, although Podewell identifies state-law claims, he fails to allege any facts supporting those claims.  In other words, his claims consist of threadbare recitals and legal conclusions that allege no more than a sheer possibility of misconduct by Defendants.

An Order consistent with this Opinion will be entered.


Dated:  November 28, 2016                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE